Dear Mr. Elliott:
This opinion is in response to your questions asking:
 Whether or not an elected county officeholder, to-wit, county assessor, is guilty of nepotism under Article VII, Section 6 of the Missouri Constitution if at the time of her election and during part or all of her term of office has a relative within the fourth degree of consanguinity or affinity working as an assistant in the assessor's office, which relative was employed by the outgoing county assessor prior to the time that the subject county assessor was elected to office.
 Would a pay increase, promotion, salary increase, or increase of any other benefits given to the relative after the subject county assessor took office have any effect on your opinion?
Article VII, Section 6 of the Missouri Constitution provides:
 Section 6. Penalty for nepotism. Any public officer or employee in this state who by virtue of his office or employment names or appoints to public office or employment any relative within the fourth degree, by consanguinity or affinity, shall thereby forfeit his office or employment.
In Missouri Attorney General Opinion Letter No. 254, Hazel, 1975, a copy of which is enclosed, this office concluded that a member of the board of trustees of a third class county hospital was not guilty of nepotism if at the time of his election and during part or all of his term there was employed by the county hospital a relative within the fourth degree, by consanguinity or affinity, who was employed prior to the time that the board member was elected to office. The basis for this conclusion was that the board member did not participate in the hiring of the relative. In that opinion, this office further concluded that where the employee, who was hired before the board member came into office, received pay increases, such pay increases were merely incidental to the original employment which took place prior to the time the board member was elected to office. Therefore, the granting of pay increases would not violate the nepotism provision. The reasoning in Opinion Letter No. 254, Hazel, 1975, is applicable to the situation about which you are concerned.
Based on Opinion Letter No. 254, Hazel, 1975, we conclude that the newly-elected county assessor is not guilty of nepotism under Article VII, Section 6 of the Missouri Constitution if at the time of her election and during part or all of her term she has a relative within the fourth degree, by consanguinity or affinity, working as an assistant, which relative was employed by the outgoing county assessor prior to the time the newly-elected county assessor was elected to office. Consistent with our prior opinion, pay increases or increases in other benefits incidental to the original employment do not result in the newly-elected county assessor violating the nepotism provision. However, if the newly-elected county assessor were to appoint her relative to a distinctly different position, the nepotism provision of the Missouri Constitution would be violated.
CONCLUSION
It is the opinion of this office that (1) a county assessor who retains as an employee a relative within the fourth degree, by consanguinity or affinity, which relative was employed by the prior county assessor, does not violate Article VII, Section 6
of the Missouri Constitution, the nepotism provision, and (2) pay increases or increases in other benefits incidental to the original employment do not result in the county assessor violating the nepotism provision.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 254, Hazel, 1975